# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PHARMARX LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:17-cv-3968-BRM-LHG |
| 340BASICS INC., | : | |
| Defendant. | : | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are (1) Plaintiff PharmaRx LLC's ("PharmaRx") Motion to Remand (ECF No. 11) and (2) Defendant 340Basics Inc.'s ("340Basics") Motion to Partially Dismiss PharmaRx's Complaint (ECF No. 5). For the reasons set forth herein, PharmaRx's Motion to Remand is **GRANTED**, and 340Basics' Motion to Partially Dismiss PharmaRx's Complaint is **DENIED AS MOOT**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an alleged breach of contract whereby PharmaRx would procure prospective clients for 340Basics. (Compl. (ECF No. 1-1) ¶ 6.) The parties executed an agreement (the "Agreement") in October 2014. (*Id.* ¶ 5.) PharmaRx contends it procured a client for 340Basics, which then refused to pay PharmaRx for its services. (*Id.* ¶¶ 7-9.)

On March 27, 2017, PharmaRx filed the Complaint in the Superior Court of New Jersey, Law Division, Monmouth County (Civ. A. No. MON-L-1229-17) asserting claims for (1) breach of contract (Count I), unjust enrichment (Count II), breach of the implied covenant of good faith

and fair dealing (Count III), and fraud (Count IV). (*Id.* ¶¶ 10-33.) On June 2, 2017, 340Basics filed the Notice of Removal with this Court pursuant to 28 U.S.C. § 1441, asserting this Court's original jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship between the parties. (ECF No. 1.) On June 9, 2017, 340Basics filed its Motion for Partial Dismissal. (ECF No. 5.) PharmaRx opposes the Motion. (ECF No. 18.) On June 30, 2017, PharmaRx filed it Motion to Remand. (ECF No. 11.) 340Basics opposes the motion. (ECF No. 14.)

## II. LEGAL STANDARDS

A notice of removal of a civil action must be filed by a defendant within thirty (30) days of receiving the complaint. 28 U.S.C. § 1446(b)(1). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within thirty [(30)] days after receipt by Defendants . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty (30) days of the notice of removal, 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment," *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America,*

*Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396-403. Additionally, when a case is removed, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

### III. DECISION

PharmaRx argues the case must be remanded, because there is no diversity of citizenship and subject matter jurisdiction is therefore not proper under 28 U.S.C. § 1332. (ECF No. 11 at 1.) PharmaRx argues, while it believed at the time it filed the Complaint that 340Basics was a Delaware corporation with its principal place of business in New York, it discovered 340Basics is a New Jersey corporation.[1] (*Id.*) Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of any State by which is has been incorporated."

340Basics argues jurisdiction is proper, because the New Jersey entity, "340Basics, Inc." was not a party to the Agreement. (ECF No. 14 at 2-3.) 340Basics claims the name 340Basics, Inc. is a d/b/a of 340B Technologies, Inc. ("340B Technologies"), which is a Delaware corporation formed in August 2014 to acquire and operate certain assets of 340 Basics, Inc. (*Id.* (citing Decl. of Colleen DiClaudio in Opp. to Pl.'s Mot. to Remand (ECF No. 15) ¶¶ 3-4).) 340Basics asserts any references to 340Basics, Inc. in documents that pre-date August 2014 refer to the New Jersey entity, while any references to 340Basics, Inc. post-August 2014 refer to 340B Technologies, by use of their d/b/a name. (ECF No. 15 ¶¶ 5, 6.)

---

[1] The parties do not dispute PharmaRx has its principal place of business in New Jersey and is therefore a citizen of New Jersey for purposes of jurisdiction.

3

While the Agreement was executed after the creation of 340B Technologies, the Court finds 340Basics has not met its burden of showing jurisdiction is proper. *See Samuel-Bassett*, 357 F.3d at 396 ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."). The Agreement inexplicably refers to "340Basics, Inc." as a Delaware corporation located in New York, without mention of 340B Technologies, and contains 340Basics, Inc. letterhead. (ECF No. 11 Ex. 1.) In fact, the name "340B Technologies" did not appear in this litigation until 340Basics mentioned the entity in its Opposition Brief to PharmaRx's Motion. To the extent the Agreement is ambiguous as to which entity is the proper party, that ambiguity must be construed against 340Basics. *Jacobson v. Sassower*, 489 N.E.2d 1283, 1282 (N.Y. 1985) ("In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it.").[2]

Finally, 340Basics filed 340B Technologies' Certificate of Incorporation (ECF No. 15 Ex. A), but it has not provided: any evidence that 340 Basics, Inc. is no longer a going concern, sufficient evidence that 340B Technologies was party to the Agreement, or sufficient evidence regarding the parties' relationship. For example, to the extent 340 Basics, Inc. remains a going concern, it could be deemed a subsidiary of 340B Technologies and would therefore be "a separate entity from its parent corporation . . . [and] have its own principal place of business." *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972) (citing 1 Moore's Fed. Practice 717.10, § 0.77 [1.-2]). In view of this uncertainty, the Court finds removal is not proper. *See Brown v. Francis*, 75. F.3d 860, 865 (3d Cir. 1996) ("If there is any doubt as to the propriety of removal, that case should not be removed to federal court."). Therefore, PharmaRx's Motion for Remand is **GRANTED**.

---

[2] The Agreement provides it is governed by New York law. (ECF No. 11 Ex. 1 ¶ 19.)

As this Court finds remand is appropriate, it shall not retain jurisdiction over this lawsuit. Therefore, 340Basics' Motion to Partially Dismiss PharmaRx's Complaint is **DENIED AS MOOT**.

**IV.    CONCLUSION**

For the reasons set forth above, PharmaRx's Motion to Remand (ECF No. 11) is **GRANTED**. 340Basics' Motion to Partially Dismiss PharmaRx's Complaint (ECF No. 5) is **DENIED AS MOOT**. This matter is therefore **REMANDED** to the Superior Court of New Jersey, Law Division, Monmouth County and the case is **CLOSED**. An appropriate order will follow.

**Date: March 5, 2018**               */s/ Brian R. Martinotti*
                                      **HON. BRIAN R. MARTINOTTI**
                                      **UNITED STATES DISTRICT JUDGE**